IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHAEL L. MACK, | : | |
| Plaintiff, | : | |
| VS. | : | **7:10-CV-47 (HL)** |
| WILLIAM DANFORTH, *et al.*, | : | |
| Defendants. | : | |

**RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on April 30, 2010 (Doc. 1). Presently pending in this action is Defendants' Motion to Dismiss (Doc. 22).

**Background**

Plaintiff alleges that he can only eat vegan meals based on his religious beliefs, and that upon a transfer to Valdosta State Prison ("VSP") he was denied such meals (Doc. 1). Plaintiff contends that he explained his dietary needs to Defendants Warden Danforth and Deputy Warden Orr when he arrived at VSP, but they disregarded his religious practices and failed to provide him with vegan meals. Plaintiff alleges that his medical records show that he is allowed vegan meals, but that Defendants still denied him his right to exercise his religion and, as such, violated his First Amendment rights.

Defendants filed this Motion to Dismiss on October 21, 2010, stating, among other things, that the action should be dismissed because Plaintiff failed to exhaust all administrative remedies available to him (Doc. 22). On December 7, 2010, this Court ordered Plaintiff to respond to Defendants' Motion to Dismiss within thirty (30) days (Doc. 23). As of the date of this Order,

Plaintiff has failed to respond to Defendants' Motion to Dismiss.

**Discussion**

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

2

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motion and Plaintiff's Complaint reveals a conflict. In Plaintiff's Complaint, Plaintiff maintains that he was unable to exhaust administrative remedies because after he filed a formal grievance he never received a response (Doc. 1). The Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims underlying this lawsuit (Doc. 22-1). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Defendants contend, and support with an affidavit from the Chief Counselor and Grievance Coordinator at VSP, that Plaintiff did not exhaust any grievances regarding the allegations stated in the Complaint (Doc. 22-2, Singleton Affidavit). The affidavit testimony establishes the presence of a grievance system at VSP, and that Plaintiff filed two grievances during his confinement at VSP, copies of which Defendants provided to the Court (*Id.*).

On April 11, 2010, Plaintiff filed grievance number 47264 complaining that he is on a restricted vegan diet, yet not receiving vegan meals (Docs. 22-2, Singleton Affidavit; 22-9). The

3

informal grievance was not resolved and Plaintiff filed a formal grievance on April 14, 2010 (*Id.*). Plaintiff filed the pending action on April 30, 2010, only about two (2) weeks after he filed his formal grievance. Plaintiff received a response to his formal grievance on May 19, 2010, and appealed to the Commissioner's Office the same day. The grievance was fully exhausted on June 3, 2010 (*Id.*).

Plaintiff filed his second informal grievance (number 52901) on May 16, 2010, complaining about food services and the fact that he was not receiving his vegan meals (Docs. 22-2, Singleton Affidavit; 22-10). Again, Plaintiff filed this lawsuit on April 30, 2010, about two (2) weeks before he filed this informal grievance. The informal grievance was not resolved and Plaintiff filed a formal grievance on June 1, 2010 (*Id.*). After Plaintiff received the response to his formal grievance, he filed an Appeal to the Commissioner's Office on June 15, 2010. The Commissioner's Office responded on July 12, 2010, stating that Plaintiff was submitted for a transfer on May 26, 2010 to an institution that provided a vegan diet (*Id.*).

Complete administrative exhaustion is a precondition to filing a lawsuit, and in order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process. *Woodford*, 548 U.S. at 88, 92. To remedy a concern, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI. Administrative remedies must be exhausted at the time the legal action is brought. *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

Plaintiff was administratively required to wait until a decision had been made regarding his first formal grievance before filing this lawsuit. *Sewell v. Ram*sey, 2007 WL 201269 (S.D. Ga., Jan. 27, 2007) (holding that if a "plaintiff is still awaiting a response from the warden regarding his grievance, he remains in the process of exhausting his administrative remedies"). The warden has

4

thirty (30) days to respond to a formal grievance (Doc. 22-2, Singleton Affidavit). If the prisoner does not receive a response, the prisoner is still required to file an appeal with the Commissioner's Office, in which the Commissioner has ninety (90) calendar days to respond. Georgia Dep't of Corrections SOP IIB05-001 § VI; (Doc. 22-2, Singleton Affidavit).

Plaintiff filed this lawsuit while he was still in the process of exhausting his first grievance, and before he filed his second grievance. After filing his formal grievance, Plaintiff was required to wait thirty (30) days to receive a response from the warden, and if the warden did not respond, Plaintiff was required to file an appeal with the Commissioner's Office and wait ninety (90) days for a response. Plaintiff only waited sixteen (16) days after *filing* his first formal grievance to initiate this lawsuit. As such, Plaintiff failed to exhaust the administrative remedies available to him prior to filing this suit.

## Conclusion

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he failed to utilize the available administrative remedies to grieve the alleged offenses of the Defendants. Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 11th day of April, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf